578 A.2d 63

John G. HOOPES

v.

## ZONING HEARING BOARD OF HAVERFORD TOWNSHIP and Haverford Township.

**Appeal of HAVERFORD TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued March 9, 1990.

Decided July 10, 1990.

Reargument Denied August 31, 1990.

Hugh A. Donaghue, Havertown, for appellant.

Henry B. FitzPatrick, Jr., FitzPatrick & Tanker, Philadelphia, for appellee.

Before COLINS and SMITH, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

Haverford Township (Township) appeals an order of the Delaware County Court of Common Pleas (trial court) reversing the Zoning Hearing Board of Haverford Township's (Board) denial of a variance to John G. Hoopes (Hoopes). We reverse.

Hoopes is the equitable owner of the subject property herein, situated at 1404 West Chester Pike, Haverford Township, Delaware County, Pennsylvania.[1] The property is located in a district zoned R–5 Residential under the

---

1. Hoopes has entered into an Agreement of Sale for the premises with the current legal owners.

Haverford Township Zoning Ordinance (Ordinance), which permits single-family dwellings and offices of a physician, lawyer, dentist, architect, professional engineer, or theologian, *so long as the office use is incidental to the residential use.* The legal owners of the property, Joseph and Maria Good, currently reside on the property and operate a real estate office thereon. The real estate office, not an enumerated permitted use under the Ordinance, is operated under a variance granted to the Goods in 1979, but conditioned on their continued residence on the property.

Hoopes does not wish to reside on the property and is seeking a variance to use the entire property as a real estate office and to expand the number of parking spaces from the current 12 to 16. Hoopes initially sought a Certificate of Use and Occupancy to utilize the property as a real estate office, which was denied by the Director of Codes Enforcement of Haverford Township. Hoopes appealed to the Board.

The Board denied the variance, finding that Hoopes failed to establish unnecessary hardship and that the increase in use that would result from the variance would be detrimental to the public health, safety and welfare and alter the character of the neighboring area. Hoopes appealed to the trial court, which sustained his appeal and granted the variance, modifying it to reduce the requested additional parking spaces from four to three. The trial court, relying on *Valley View Civic Assn. v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983) held that a hardship existed solely because of the surrounding commercial uses.

On appeal, the Township argues that the trial court erred or abused its discretion in reversing the decision of the Board because (1) the property is currently used as a residence and is capable of continued use as a residence, and (2) there are no unique physical characteristics that would create a hardship. Where the trial court takes no additional evidence subsequent to the Board's determination, our scope of review is limited to determining whether the Board committed a manifest abuse of discretion or an

error of law. *City of Pittsburgh v. Zoning Board of Adjustment*, 522 Pa. 44, 559 A.2d 896 (1989). A conclusion that the Board abused its discretion may be reached only if its findings are not supported by substantial evidence. *Id.*

██ A party seeking a variance has the burden of proving (1) that unnecessary hardship will result if the variance is denied, and (2) that the proposed use will not be contrary to the public interest. *Valley View.* The reasons underlying a grant of a variance must be substantial, serious and compelling. *Id.*

██ The Board made the following pertinent findings of fact:

3. The property is an integral part of and adjoins the community known as Westgate Hills, which is a residential community.

. . . . .

9. To the north of the subject property, across West Chester Pike, is the Manoa Shopping Center, a heavily travelled commercial establishment. To the east of the property is an area which contains various commercial and office uses.

10. Properties close to the subject property have been sold for residential purposes and comply with R–5 Residential Zoning.

11. The proposed use will increase the number of employees on the subject property from approximately 13 (one secretary and twelve sales people) to approximately 22 (one manager, one secretary and twenty sales people). It is proposed that the parking area be increased from the present size to one which will accommodate 16 parking spaces.

12. The proposed use is not a continuation or enlargement of a non-conforming use.

13. There is no evidence that the subject property could not be used in conformity with the provisions of the Haverford Township Zoning Ordinance for a R–5 Residential District.

14. There are no conditions peculiar to the subject property which would create an unnecessary hardship.

15. The proposed use would be contrary to the public interest.

The trial court, relying on *Valley View*, concluded that, because the property fronts the heavily traveled West Chester Pike and is surrounded by commercial uses on three sides, it is unreasonable and unrealistic to require someone to reside at the property.

The evidence, however, clearly supports the findings of the Board. There was expert testimony that on the same side of West Chester Pike as the property at issue are various professional offices, which are also used as residences in conformance with the ordinance. There was also testimony presented from a Township Commissioner that of the approximately eighteen properties along the pike which have been sold in the last five years, nine have sold as residences and that the property next door to the subject property, at 1406 West Chester Pike, was sold December 31, 1987 as a residence and continues to be used as a residence. The Commissioner also testified that the property is surrounded on the east, west, and south by *residential* property.

The trial court's reliance on *Valley View* was erroneous. Therein, the subject property was completely surrounded by commercial and industrial uses. In the instant matter, the premises is part of a residential development. The hardship alleged here does not rise to the level of that which existed in *Valley View*. Therefore, we hold the Board was correct in concluding that Hoopes failed to establish unnecessary hardship, and we can find no reason to upset that decision.

Accordingly, we reverse the order of the trial court, and reinstate the order of the Board.

CRUMLISH, Jr., Former President Judge, did not participate in the decision in this case.

## ORDER

AND NOW, this 10th day of July, 1990, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is reversed, and the order of the Zoning Hearing Board of Haverford Township is reinstated.