486 A.2d 950

COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Appellee,

v.

William FIORE, d/b/a Municipal and Industrial Disposal Company, Inc., Appellant.

Supreme Court of Pennsylvania.

Argued Sept. 13, 1984.

Decided Feb. 13, 1985.

Harold Gondelman, Robert P. Ging, Jr., Pittsburgh, for appellant.

Howard Wein, Dennis W. Strain, James D. Morris, Asst. Counsels, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## ORDER OF COURT

PER CURIAM.

**AND NOW,** to-wit, on this 13th day of February 1985, paragraphs (1), (4), (6), (7), (8), (9), (10) and (11) of the Commonwealth Court's order dated October 28, 1983 are affirmed.

**IT IS FURTHER ORDERED** that the matter be remanded to the Commonwealth Court for a determination of the suitability of the Phase II pit for storage or disposal of the waste material which is presently stored in the temporary storage pit. Paragraphs (2), (3) and (5) of the Commonwealth Court's order are stayed pending this determination.

The Consent Order and Agreement executed by the parties on January 25, 1983 shall continue in full force and effect except insofar as may be inconsistent with this order.

LARSEN, J., filed a concurring and dissenting opinion in which NIX, C.J., and HUTCHINSON, J., joined.

LARSEN, Justice, concurring and dissenting.

I agree with the majority in affirming paragraph nos. 1, 4, 6, 7, 8, 9, 10 and 11 of the order of the Commonwealth Court. The appellant is guilty of civil contempt for his failure and refusal to comply with the provisions of a consent order. It is just and proper that he suffer the consequences.

I dissent, however, to that portion of the majority's per curiam order which stays paragraph nos. 2, 3 and 5, and remands this case to the Commonwealth Court for a determination as to the suitability of the phase II pit as a hazardous waste facility.

Under the terms of the consent order, the appellant agreed, *inter alia,* that he would not construct any other hazardous waste facility unless the facility had a permit or qualified for interim status. The per curiam order confirms the finding of the Commonwealth Court that the phase II pit—another hazardous waste facility constructed by appellant—did not have interim status. Further, it is undisputed that no permit has issued for the phase II pit as a hazardous waste facility. Consequently, under the majority's holding we would have the Commonwealth Court determine whether or not a hazardous waste permit should be issued for the phase II pit. The authority and procedure for the issuance of such a permit is deliniated in the Solid Waste Management Act of 1980. (35 P.S. § 6018.501, et seq.). The statutory authority and procedure for the granting of a hazardous waste facility permit does not include a determination of suitability by the Commonwealth Court.

I would affirm the order of the Commonwealth Court.

NIX, C.J., and HUTCHINSON, J., join in this concurring and dissenting opinion.