601 A.2d 392

**Anthony VELTRI, Appellant,**

**v.**

**CITY OF NEW KENSINGTON, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1991.

Decided Dec. 10, 1991.

Petition for Allowance of Appeal Denied May 29, 1992.

122

Bruce E. Dice, for appellant.

Bruce D. Campbell, for appellee.

Before PELLEGRINI and BYER, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

This is an appeal from an order of the Court of Common Pleas of Westmoreland County which affirmed the decision of the City Council of the City of New Kensington (Council) dismissing Anthony Veltri from the city police force on the grounds that he engaged in conduct unbecoming an officer.[1] We affirm.

Council's decision to dismiss Veltri was its second attempt to discipline him for his errant conduct. After the first disciplinary hearing, Veltri successfully appealed to the Court of Common Pleas of Westmoreland County which remanded to Council for a new hearing. A review of the earlier proceeding is necessary for a complete understanding of the issues raised in this appeal.

Veltri received a suspension notice dated August 15, 1986 which informed him that he was being suspended for conduct unbecoming an officer and for failing to make a written report concerning an investigation of illegal activity. Veltri challenged the suspension and the Council afforded him a hearing, but upheld the suspension. Veltri appealed to the trial court which found that the notice of suspension was inadequate to inform Veltri of the exact nature of the charges against him, and that the prosecutorial and adjudicatory functions were improperly commingled. Consequently, the court remanded for a new hearing.

The court's order did not expressly require that Veltri be reinstated nor paid for any lost salary. Nevertheless, Council reinstated Veltri and gave him back pay even though it went forward with a second hearing on the same charges.

Council held a second disciplinary hearing and subsequently found the following facts.

1. December 8, 1987, City Council for the City of New Kensington passed Resolution No. 12–1–87, which provided:

---

1. Veltri was dismissed pursuant to Section 4408 of The Third Class City Code (Code), Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. § 39408.

This Council directs Mayor Monaco and legal counsel to amend the notice to be delivered to Officers Newingham and Veltri and their attorneys no later than January 31, 1988; with a hearing to be scheduled approximately forty-five days after the notice is received.

2. February 1, 1988, Officer Veltri received a letter dated January 28, 1988 (City Exhibit # 1) setting forth five charges against Officer Veltri, which were:

1. That you engaged in conduct unbecoming an officer while off duty on workers' compensation between February and September 1986 by conducting an unauthorized investigation into the conduct of fellow New Kensington Police Officer Terry Kuhns.

2. That you engaged in conduct unbecoming an officer while off duty on workers' compensation between February and September 1986 by conspiring with one Rocco Morelli to discredit fellow New Kensington Police Officer Terry Kuhns.

3. That you engaged in conduct unbecoming an officer by meeting without any prior authorization from the Mayor or the Chief of Police on a number of occasions between February and September of 1986 with Rocco Morelli and Anthony Corso, both of whom were the object of an arrest and (sic) charges for possession and distribution of a controlled substance by fellow New Kensington police officers which were pending between February and September, 1986.

4. That you engaged in conduct unbecoming an officer between the period of February and September, 1986, by failing to report to the Chief of Police and/or the Mayor an unauthorized investigation which you performed while off duty on workers' compensation into allegations of misconduct involving fellow New Kensington Police Officer Terry Kuhns.

5. That on August 5, 1986 and thereafter you engaged in conduct unbecoming an officer by your failure to promptly advise either the Chief of Police or the Mayor of direct evidence of criminal activity; namely, the

offer to 'fix' charges pending against Rocco Morelli in exchange for a 'payoff' and/or a possible conspiracy by Rocco Morelli and one Robert Kenny to 'fix' charges pending against Rocco Morelli through a 'payoff.'

3. Written rules and regulations were effective regarding the conduct of police in the City of New Kensington prior to and during the period of conduct by Officer Veltri.

4. Officer Veltri at the time period pertinent was a police officer employed by the City of New Kensington and was on Workers' Compensation from February through September of 1986.

5. During the period from February through September of 1986, Officer Veltri was off-duty.

6. No authorization, express or implied, exists relating to investigations or other duty performance by off-duty police receiving workers' compensation.

7. Officer Veltri, while in his off-duty status, associated himself with Anthony Corso and Rocco Morelli who were suspects and had been arrested by fellow officers of the New Kensington Police force on drug charges.

8. Officer Veltri was attempting to discredit fellow police officer Terry Kuhns because of activities of Kuhns that related to Veltri.

9. Officer Veltri was investigating Officer Kuhns with and through Morelli and Corso in an attempt to discredit Officer Kuhns.

10. Officer Veltri did not report the investigative activities to the Chief of Police or the Mayor until events occurred which made reporting imperative and self serving.

11. Officer Veltri determined that the investigation was of such import that consideration was given to reporting the investigation to the Attorney General of Pennsylvania.

12. Officer Veltri did not trust the Chief of Police of the City of New Kensington but did ultimately report to the

Chief of Police as to the events Veltri was aware of concerning Kuhns and Morelli.

13. Morelli and Corso were considered 'shady' characters by the District Attorney's Office of Westmoreland County, particularly Assistant District Attorney Terry Faye.

14. Officer Veltri became aware through Morelli that a payment was solicited from Morelli by a Robert Kenny to fix the drug charges against Morelli which information was not reported to the Chief of Police or the Mayor of the City of New Kensington, though required.

15. The District Attorney's Office of Westmoreland County, together with Officer Terry Kuhns of the New Kensington City Police Department, conducted an investigation pertaining to Morelli.

16. On August 8, 1986, Officer Veltri stated to the Chief of Police that if it took the rest of his life, he would get Officer Kuhns for the things that Officer Kuhns had done to him, Officer Veltri.

17. Officer Veltri, throughout the activities and investigation testified to, attempted to discredit Officer Kuhns and did not report either to the Mayor or Chief what was occurring because of Officer Veltri's opinion that nothing would occur because of the closeness of the Chief of Police with Officer Kuhns.

City Council of the City of New Kensington Findings of Fact, Conclusions of Law and Adjudication pp. 1–4.

Based on these facts the Council concluded that Veltri was guilty of conduct unbecoming an officer and that he should be discharged for that conduct.[2] Veltri appealed to the trial court which affirmed, and he now appeals to this Court.

The issues raised in this appeal are: 1) Veltri's dismissal violates principles of claim preclusion and issue preclusion

---

**2.** Conduct unbecoming an officer is defined as any conduct which adversely affects the morale or efficiency of the force or destroys the public confidence. *Oswald v. City of Allentown,* 36 Pa.Commonwealth Ct. 238, 388 A.2d 1128 (1978).

because the Council reinstated him after his first appeal; 2) the second disciplinary notice violated due process because it inadequately advised Veltri of the charges against him; 3) the "standards of conduct" for New Kensington police officers were improperly adopted; and 4) there is a lack of substantial evidence.

■ Our scope of review of the action of a municipal civil service commission is limited. Where a complete record is made before the municipal body, a reviewing court must affirm unless it determines that there has been a violation of constitutional rights, an error of law or that necessary findings of fact are not supported by substantial evidence. *Tegzes v. Township of Bristol*, 504 Pa. 304, 472 A.2d 1386 (1984); *Civil Service Commission v. Poles*, 132 Pa.Commonwealth Ct. 593, 573 A.2d 1169 (1990) *petition for allowance of appeal granted*, 527 Pa. 657, 593 A.2d 427 (1991). With these principles in mind, we turn our attention to the first issue.

■ Veltri's first argument is that this matter was resolved when he was reinstated and that Council may not relitigate the matter. Veltri is not arguing that the trial court's first decision in which it remanded the matter to the Council constitutes claim preclusion, but rather the Council's subsequent reinstatement is the act which bars relitigation. Veltri argues that this is either claim preclusion or issue preclusion. Claim preclusion is comprised of four elements, namely: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; (4) identity of the quality in the persons for or against whom the claim is made." *City of Pittsburgh v. Zoning Board of Adjustment of the City of Pittsburgh*, 522 Pa. 44, 54, 559 A.2d 896, 901 (1989).

■ The similar doctrine of issue preclusion applies if: (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the

prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

*Id.*, 522 Pa. at 55, 559 A.2d at 901. Both of these principles, however, require that there be an adjudication on the merits. In this case no such adjudication occurred.

■■■ Council adjudicated this matter in 1986, but Veltri successfully appealed that adjudication and won a remand. Council then had jurisdiction to hear the matter again. It is clear from the sequence of events that Council never abandoned its intention to go forward with the second hearing. The trial court's order remanding the matter was dated October 28, 1987. Almost immediately thereafter, on December 8, 1987, the Council passed a resolution directing the Mayor to send Veltri an amended notice of disciplinary action and to schedule a hearing. On January 28, 1988, the Mayor sent the amended notice to Veltri and advised him that a new hearing was set for March 21, 1988.

By letter dated February 4, 1988, Veltri was advised as follows:

> At a meeting held on January 28, 1988 between yourself [Veltri], Special Labor Counsel Bruce Campbell, myself [the City Clerk], Chief Chambers, Officers Reed and Newingham of the Wage Policy Committee and Detective Paul Davis of the F.O.P., Attorney Campbell notified you of charges of misconduct pending against you and a hearing date scheduled for March 21, 1988 before City Council. He also stated that in light of the amended charges a copy of which is attached and pending an adjudication on the amended charges by City Council, that you would be reinstated for your 30 days suspension, back pay plus benefits for the pay periods beginning August 15, 1986 to September 15, 1986.

Appellant's Exhibit A-1. It is clear from this letter that the Council never intended Veltri's reinstatement to be an adjudication of the matter, nor do we believe that such action

can justly be called a final decision on the merits. Therefore, we reject Veltri's claim preclusion and issue preclusion argument because this matter had not been fully adjudicated.

■ Veltri next argues that the second disciplinary notice failed to adequately apprise him of the charges against him. This argument is certainly without merit. First, the notice refers to a specific period of time, names specific individuals who were also involved in the activities in question, and specifies the improper objectives of the conduct, such as discrediting a fellow police officer and failing to report the "fixing" of criminal charges against a specified person in exchange for a payoff. This notice is sufficient to satisfy the due process requirement of explaining the nature of the charges to enable the officer to prepare a defense. *City of Harrisburg v. Pickles*, 89 Pa.Commonwealth Ct. 155, 492 A.2d 90 (1985). Second, in this case the charges against Veltri had already been adjudicated once and he was well aware of the nature of the charges the second time around. Consequently, Veltri's notice challenge must fail.

■ The third issue raised by Veltri is inconsequential to the real matter at issue. Veltri argues that the standards of conduct for police officers in New Kensington were not ordinances or resolutions properly promulgated by the Council. Section 4408 of the Code, *as amended*, 53 P.S. § 39408 authorizes the dismissal of a civil servant for violation of department regulations as well as city ordinances or state law. Therefore it is not necessary that the standards which Veltri was charged with violating be promulgated by the Council.

Veltri argues that the following Code provision dictates that the Council prescribe the standards and policies of the police department: "Council shall prescribe all necessary rules and regulations for the organization and government of the police force." Section 2001 of the Code, *as amended*, 53 P.S. § 37001.

While the Council has power to enact ordinances detailing the structure and organization of the department, the Code empowers the Mayor to supervise and control the conduct of the police force. Section 2007 of the Code, *as amended,* 53 P.S. § 37007. The Mayor is, after all, the chief executive of the city. Section 1202 of the Code, *as amended,* 53 P.S. § 36202. The Mayor supervises all city officers and reports neglect of duty or wrongdoing to the Council. Section 1204 of the Code, *as amended,* 53 P.S. § 36205. Since control over the standards of conduct is placed in the domain of the Mayor and were established under his direction, those standards are valid department regulations to be given full force and effect.

The Standards—Policies—Procedures of the New Kensington Police Department were established in 1975 by the Mayor, the Chief of Police and two other police officers. The rules were printed in a manual, and copies of that manual were distributed to new employees. Veltri admitted that he had previously seen the manual. Since the standards of conduct are valid department regulations and since the Code provides that a civil servant may be dismissed for a transgression of a department regulation, Veltri's argument that his dismissal was unwarranted because the Council did not act on the regulations is without merit.

Finally, Veltri challenges the evidence upon which the findings of fact are based. He does so by rebutting the evidence of record and by pointing to particular evidence which he believes ought to be believed. This argument completely misconstrues the nature of our substantial evidence review. Our only concern is that there is substantial evidence which the fact finder might have believed which supports the findings made. *Poles.* Questions of the credibility of witnesses are reserved for the finder of fact and not for this Court. Our review of the record satisfies us that there is sufficient evidence to support the Council's findings.

Accordingly we affirm.

## ORDER

AND NOW, this 10th day of December, 1991, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is hereby affirmed.