William FIORE, d/b/a Municipal and Industrial Disposal Company,
Petitioner,

v.

DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 30, 1994.

Decided March 8, 1995.

William Fiore, pro se.

Edward S. Stokan, Asst. Counsel, for respondent.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

KELLEY, Judge.

William Fiore d/b/a Municipal and Industrial Disposal Company (Fiore) appeals *pro se* the February 2, 1994 order of the Environmental Hearing Board (board) granting summary judgment to the Department of Environmental Resources (DER) with respect to its denial of Fiore's application for renewal of his National Pollutant Discharge Elimination System (NPDES) permit issued under The Clean Streams Law (Law).[1] We affirm.

Fiore owned and operated a solid waste disposal facility in Elizabeth Township, Allegheny County, under the name Municipal and Industrial Disposal Company. On November 14, 1979, DER approved the temporary storage of hazardous waste at Fiore's facility for ninety days. In 1980, this approval was extended until May 4, 1981. On May 4, 1981, July 3, 1981, and November 5, 1982, DER informed Fiore that the hazardous waste must be removed from his facility. As a result of hazardous waste remaining in Fiore's temporary storage pits, industrial and hazardous wastes were discharged into the waters of the Commonwealth.

On January 25, 1983, DER and Fiore entered into a Consent Order and Agreement requiring Fiore to remove the hazardous waste from the temporary storage pits, to submit a closure plan, to refrain from expanding the hazardous waste facility or from constructing a facility which would not be permitted, and to pay various civil penalties. Fiore failed to comply with the terms and conditions of the Consent Order and Agreement. By order dated October 28, 1983, this court found Fiore in civil contempt for failing to comply with the Consent Order and Agreement. Upon appeal by Fiore, our Supreme Court affirmed *per curiam* the contempt citation. *See Department of Environmental Resources v. Fiore*, 506 Pa. 564, 486 A.2d 950 (1985).

On December 8, 1983, DER issued to Fiore a NPDES permit in connection with the operation of his solid waste disposal facility. On April 20, 1984, Fiore applied to DER for a renewal of his NPDES permit which had expired that day.

In 1986, Fiore was convicted in the Court of Common Pleas of Allegheny County of sixty counts of criminally violating the Solid

1. Act of June 22, 1937, P.L.1987, *as amended*, 35     P.S. §§ 691.1–691.1001.

Waste Management Act[2] and related statutes, including operation of a hazardous waste facility without a permit, willful discharge of industrial and hazardous wastes into the waters of the Commonwealth, and unauthorized disposal of residual waste.[3] These convictions were affirmed by our Superior Court. *See Commonwealth v. Fiore,* 391 Pa. Superior Ct. 634, 563 A.2d 189 (1989), *petition for allowance of appeal denied,* 525 Pa. 577, 575 A.2d 109 (1990).

On January 25, 1991, in accordance with section 609 of the Law,[4] DER denied Fiore's NPDES permit renewal application because of Fiore's prior and continuing violations of environmental laws and regulations.[5] Specifically, those violations included Fiore's failure to comply with the January 25, 1983 Consent Order and Agreement; Fiore's failure to submit all of the monthly Discharge Monitoring Reports required by his NPDES permit; Fiore's 1986 criminal convictions on charges of violating the Solid Waste Management Act and related statutes, including the discharge of industrial and hazardous waste without a permit; and Fiore's alteration of an outfall at his solid waste disposal facility without the required amendments of the permits associated with it. *See* Original Record, Notice of Permit Denial and Revocation dated January 25, 1991. DER concluded that since Fiore's actions had shown a lack of ability or intention to comply with the Law, his NPDES permit should not be renewed.

On February 15, 1991, Fiore appealed the denial to the board.[6] Fiore claimed that

2. Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. §§ 6018.101—6018.1003.

3. The Court of Common Pleas of Allegheny County sentenced Fiore on only three of the sixty counts. The total sentence imposed was a period of incarceration of six to twelve years. In addition, Fiore was ordered to pay fines of $200,000. *See* Original Record, *Commonwealth v. Fiore* (CC No. 8508740, filed January 19, 1988).

4. 35 P.S. § 691.609. This section states in pertinent part:

The department shall not issue any permit required by this act or renew or amend any permit if it finds, after investigation and an opportunity for informal hearing that: (1) the applicant has failed and continues to fail to comply with ... any relevant rule, regulation, permit or order of the department, or of any of the acts repealed or amended hereby; or (2) the applicant has shown a lack of ability or intention to comply with such laws as indicated by past or continuing violations.

In addition, DER based its denial of Fiore's NPDES permit renewal application on 25 Pa. Code § 91.26 which states as follows:

When considering applications coming before it, the Department will take notice of the failure of the applicant to comply with any of its prior requirements or orders respecting sewerage or industrial waste disposal and will consider the application favorable only if, in its opinion, there are sufficient extenuating reasons for the failure or if the public interest as affected by the proposed project warrants favorable action, in which case the Department will include suitable conditions respecting compliance with its unfulfilled requirements in any permit which it may authorize.

5. It is unclear from the record why it took DER over six and one-half years to deny Fiore's NPDES permit renewal application. We do note that during the intervening years Fiore was appealing DER's suspension of his solid waste disposal permit, DER's denial of his renewal application for his hazardous waste transporter's license, DER's denial of his permit application to operate a hazardous waste disposal facility, and DER's revocation of his solid waste disposal permit.

6. Fiore's NPDES permit has been the subject of prior litigation. On January 10, 1984, Fiore filed a notice of appeal challenging the issuance of the NPDES permit on the grounds that the permit was issued by a DER employee who had no authority to issue it and that the DER lacked regulatory authority to set pollution discharge parameters included in the permit, specifically those established for coumarone.

On February 11, 1991, DER moved to dismiss Fiore's appeal, challenging the issuance of the NPDES permit, as moot since the NPDES permit had expired by operation of law when DER denied the renewal application on January 25, 1991 and, as a result, there was no longer any relief that the board could grant Fiore. By order dated May 14, 1991, the board granted DER's motion to dismiss because Fiore's appeal challenging the issuance of the NPDES permit had become moot.

The board noted that 25 Pa.Code § 92.9 governs the duration of NPDES permits and provides that:

(a) All NPDES permits shall have a fixed term not to exceed five years.

(b) The terms and conditions of an expired permit are automatically continued pending the issuance of a new permit when the following conditions are met:

(1) The permittee has submitted a timely application for a new permit in accordance with § 92.13 (relating to reissuance of permits).

prior to DER's denial of his NPDES permit renewal application, DER was required to conduct an investigation and an informal hearing pursuant to section 609 of the Law. Fiore asserted that there was never an investigation or a hearing before his permit was denied.

On March 12, 1993, DER moved for summary judgment, contending that no material facts remained at issue in light of previous determinations by the board, the Court of Common Pleas of Allegheny County, this court and our Supreme Court that Fiore had violated the Law and the Solid Waste Management Act at his solid waste disposal facility. DER asserted that because its denial of Fiore's NPDES permit renewal application was proper under section 609 of the Law, it was entitled to judgment as a matter of law.

On February 2, 1994, the board granted DER summary judgment. The board stated that DER could deny the renewal of Fiore's NPDES permit, issued under the Law, on the grounds of violations of the Law. The board concluded that since the violations had been properly established through collateral

estoppel, there were no material facts at issue.

The board found that section 609 of the Law did not require DER to conduct an additional investigation of Fiore's compliance with the Law where his non-compliance was already well established, through collateral estoppel, by a prior Consent Order and Agreement, and by previous judicial decisions and criminal convictions. The board also found that section 609 of the Law did not require DER to conduct an informal hearing before denying Fiore's renewal application for a NPDES permit where Fiore had the opportunity for that hearing by reason of his right to appeal DER's denial to the board. Consequently, DER was entitled to judgment as a matter of law. Fiore then brought the present appeal.

■ In this appeal, Fiore raises the issue of whether the board erred in granting DER summary judgment where DER did not conduct an investigation and informal hearing, pursuant to section 609 of the Law, prior to the denial of Fiore's renewal application for a NPDES permit.[7]

---

(2) The Director is unable, through no fault of the permittee, to issue or deny a new permit before the expiration date of the previous permit.

(c) Permits continued under subsection (b) shall remain effective and enforceable against the discharger until such time as the Director takes final action on the pending permit application.

The board noted that Fiore's NPDES permit was to expire on April 20, 1984, and that he submitted a renewal application to DER on April 20, 1984. The board stated that, although it appeared to the board that Fiore had not made a timely application for renewal of his NPDES permit under 25 Pa.Code § 92.13, which requires a renewal application to be submitted at least 180 days prior to the expiration of the permit, the board did not decide this issue because DER had not raised it. The board concluded that, as a result of 25 Pa.Code § 92.9, Fiore's NPDES permit ceased to exist on January 25, 1991 and that since there was no further relief which the board could afford him, his appeal had to be dismissed as moot. *See Fiore v. Department of Environmental Resources*, No. 84–010–W, 1991 WL 110585, 1991 Pa.Envirn. LEXIS 76 (May 14, 1991).

7. In this appeal, Fiore also raises the issue of whether DER had the regulatory authority to set the pollution discharge parameters included in the NPDES permit issued to Fiore. Since this

issue was not properly raised before the board, it cannot be raised now. Pa.R.A.P. 1551.

In his notice of appeal filed with the board on February 15, 1991, Fiore stated the following:
I appeal the Commonwealth of Pennsylvania, Department of Environmental Resources Notice of Permit and Revocation dated January 25, 1991, for the following reasons:
A.) *Title 35 P.S. § 691.609 Witholding [sic] of Permit.*
"The department shall not issue any permit required by this act or renew or amend any permit if it finds, *after investigation* and an opportunity for informal hearing...."
It is submitted that Mr. Fiore has never received any notification from the D.E.R. that an investigation has been conducted nor any informal hearing held pursuant to the act.
*See* Original Record, Notice of Appeal filed February 15, 1991.
Pursuant to 25 Pa.Code § 21.51, an appeal from an action by the DER shall commence with the filing of a written notice of appeal with the Board. The appeal shall set forth in separate numbered paragraphs the specific objections to the action of the DER and an objection not raised by the appeal shall be deemed waived, provided that, upon good cause shown, the Board may agree to hear the objection. 25 Pa. Code § 21.51(e).
In this case, the only issue properly before the Board was whether DER's actions were inconsis-

■ Our scope of review of board decisions is limited to determining whether the board committed any errors of law, constitutional violations, or whether any necessary findings of fact are not supported by substantial evidence. *T.R.A.S.H., Ltd. v. Department of Environmental Resources*, 132 Pa.Commonwealth Ct. 652, 574 A.2d 721, *petition for allowance of appeal denied*, 527 Pa. 659, 593 A.2d 429 (1990).

■ Summary judgment may be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. No. 1035(b); *Snyder v. Department of Environmental Resources*, 138 Pa.Commonwealth Ct. 534, 588 A.2d 1001 (1991), *appeal dismissed*, 534 Pa. 276, 632 A.2d 308 (1993). An absence of genuine issues of material fact may be established through the doctrine of collateral estoppel. *Christopher v. Council of Plymouth Township*, 160 Pa.Commonwealth Ct. 670, 635 A.2d 749 (1993). Collateral estoppel provides that the determination of a fact in a prior action is deemed conclusive between the parties in a subsequent action even though the cause of action is different, where the fact was actually litigated in the prior action, was essential to that judgment, and was determined by a valid and final judgment. *Id.; Fiore v. Department of Environmental Resources*, 96 Pa.Commonwealth Ct. 477, 508 A.2d 371 (1986).

■ Fiore asserts that, prior to DER's denial of his renewal application for a NPDES permit, DER was required to conduct an investigation and determine Fiore's compliance with the Law. We conclude that DER did investigate Fiore and that his noncompliance with the Law was established through collateral estoppel. In denying Fiore's renewal application for a NPDES permit, DER based its decision upon a review of Fiore's prior violations of environ-

mental laws with respect to the operation of his solid waste disposal facility. *See* Original Record, Notice of Permit Denial and Revocation dated January 25, 1991. Such review constituted the necessary investigation of Fiore's compliance with the Law.

■ Further, the board properly determined that all of the necessary elements of collateral estoppel were satisfied such that Fiore was estopped from denying that he had violated the Law, the Consent Order and Agreement, the Solid Waste Management Act and related statutes. Fiore's violations were actually established in prior litigation; there have been final judgments that Fiore has violated the Law, the Consent Order and Agreement, the Solid Waste Management Act and related statutes; and Fiore had a full and fair opportunity to litigate his environmental violations which were the grounds for the judgments against him. *See Department of Environmental Resources v. Fiore*, 2083 C.D. 1983, *aff'd per curiam*, 506 Pa. 564, 486 A.2d 950 (1985) (violation of Consent Order); *Fiore v. Department of Environmental Resources*, No. 83–160–G, 1984 WL 19537, 1984 Pa.Envirn. LEXIS 74 (April 25, 1984), *aff'd*, 96 Pa.Commonwealth Ct. 477, 508 A.2d 371 (1986) (suspension of solid waste disposal permit); *Fiore v. Department of Environmental Resources*, No. 84–292–G, 1985 WL 21707, 1985 Pa.Envirn. LEXIS 94 (February 13, 1985) (denial of renewal application for hazardous waste transporter's license); *Fiore v. Department of Environmental Resources*, No. 85–020–G, 1985 WL 21728, 1985 Pa.Envirn. LEXIS 67 (June 7, 1985), *aff'd*, No. 1692 C.D. 1985, filed July 8, 1985 (denial of permit to operate a hazardous waste disposal facility); *Fiore v. Department of Environmental Resources*, No. 87–181–W, 1988 WL 161058, 1988 Pa.Envirn. LEXIS 183 (December 5, 1988) (revocation of solid waste permit); *Commonwealth v. Fiore*, 391 Pa. Superior Ct. 634, 563 A.2d 189 (1989), *petition for allowance of appeal denied*, 525

tent with section 609 of the Law in that no investigation or informal hearing was held. Moreover, this was the only issue which was discussed by the Board. Since the issue of whether DER had the regulatory authority to set the pollution discharge parameters included in

the NPDES permit was not raised in Fiore's Notice of Appeal to the Board, it has been waived. *See Pennsylvania Game Commission v. Department of Environmental Resources*, 97 Pa.Commonwealth Ct. 78, 509 A.2d 877 (1986), *aff'd*, 521 Pa. 121, 555 A.2d 812 (1989).

Pa. 577, 575 A.2d 109 (1990) (criminal convictions).

In deciding to deny Fiore's renewal application for a NPDES permit, the board considered all of Fiore's actions with respect to the operation of his solid waste disposal facility. *See* Original Record, Notice of Permit Denial and Revocation dated January 25, 1991. As such, Fiore's claim that DER conducted no investigation is without merit. Fiore's non-compliance with the Law has been established through collateral estoppel. Accordingly, no material facts remain at issue.

▮ Fiore next asserts that the board erred in failing to consider his due process right to an informal hearing, consistent with section 609 of the Law. We disagree.

Section 609 of the Law states that "[t]he department shall not issue any permit required by this act or renew or amend any permit if it finds, after investigation and an opportunity for informal hearing that ... the applicant has failed and continues to fail to comply with ... any relevant rule, regulation, permit or order of the department." 35 P.S. § 691.609. At the same time, section 4(c) of the Environmental Hearing Board Act [8] sets forth as follows:

> The department may take an action initially without regard to 2 Pa.C.S. Ch. 5 Subch. A,[9] but no action of the department adversely affecting a person shall be final as to that person until the person has had the opportunity to appeal the action to the board under subsection (g).

This court has held that an action taken by the DER is not final until the adversely affected party has had an opportunity to appeal the action to the board. *Morcoal Co. v. Department of Environmental Resources*, 74 Pa.Commonwealth Ct. 108, 459 A.2d 1303 (1983). A party's due process rights are protected by virtue of the party's right to appeal an adverse determination to the board. *Commonwealth v. Derry Township*, 10 Pa.Commonwealth Ct. 619, 314 A.2d 868

(1973), *modified,* 466 Pa. 31, 351 A.2d 606 (1976).

In the present case, Fiore's due process rights have not been violated because he has been afforded the opportunity to appeal DER's denial of his NPDES permit renewal application to the board. Fiore took advantage of this opportunity with his February 15, 1991 appeal to the board. The fact that Fiore's appeal was not successful does not invalidate it on procedural grounds.

Accordingly, the decision of the board is affirmed.

### ORDER

NOW, this 8th day of March, 1995, the order of the Environmental Hearing Board, dated February 2, 1994, at No. 91–063–W, is affirmed.

PELLEGRINI, J., did not participate in the decision in this case.

---

8. Act of July 13, 1988, P.L. 530, *as amended,* 35 P.S. § 7514(c).

9. 2 Pa.C.S. § 504. Section 504 states as follows: "No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard."