**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL PROTECTION, Petitioner**

v.

**William FIORE, t/d/b/a Municipal And Industrial Disposal Company, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted July 12, 1996.

Decided Aug. 30, 1996.

Edward S. Stokan, Assistant Counsel, for Petitioner.

William Fiore, Pro Se, Respondent.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Before this Court are the preliminary objections of William Fiore t/d/b/a Municipal and Industrial Disposal Company (Fiore) who is contesting a petition for access filed by the Pennsylvania Department of Environmental Protection (Department). With that petition, the Department is seeking access to property (the site) owned by Fiore, in order to continue its environmental investigation and to remediate the site pursuant to the Pennsylvania Hazardous Sites Cleanup Act, Act of October 18, 1988, P.L. 756, *as amended*, 35 P.S. §§ 6020.101–6020.1305 (HSCA). We overrule the preliminary objections.[1]

This Court previously granted the Department access to the site by its order of April 21, 1993. Between April, 1993, and February, 1994, the Department conducted the first phase of the investigation, while submitting periodic case status reports to this Court.

On April 18, 1995, this Court issued an order which required a status report from the Department within ninety days. After the Department failed to respond, this Court issued an order on July 28, 1995, which required the Department to produce a status report within ten days or the matter would be dismissed as of course. The Department failed to comply, and on August 16, 1995, we granted Fiore's motion to dismiss the grant of access.

On August 23, 1995, the Department filed a motion to stay and/or reconsider this Court's order dismissing the grant of access. We denied the motion, stating that the Department had offered no legitimate reason for its failure to comply with our prior orders.

On October 27, 1995, the Department filed a second petition for access to the site with the Court of Common Pleas of Allegheny County (Common Pleas). Apparently, Fiore filed a motion requesting an injunction in Common Pleas around the same time. The Common Pleas recognized their lack of jurisdiction over either one or both actions and transferred them to this Court.[2] Inadvertently, the petition for access was attached to the injunction request and, therefore, the petition for access was never filed in this Court under either an existing or a new docket number.[3] However, on December 27, 1995, not realizing this error, we granted the Department access to the site.

Fiore then filed a motion for reconsideration and we accordingly vacated our December 27, 1995 order on February 8, 1996, noting that the second petition for access had been ruled upon in error. The memorandum

---

1. For an account of the civil and criminal proceedings that are related to the disposal of hazardous substances at Fiore's property, please refer to *Fiore v. Department of Environmental Resources*, 655 A.2d 1081 (Pa.Cmwlth.1995).

2. Jurisdiction is granted to this Court pursuant to Sections 503(f)(3) and 503(f)(4) of HSCA, 35 P.S. §§ 6020.503(f)(3) and (4), and Section 761(a)(2) of the Judicial Code, 42 Pa.C.S. § 761(a)(2).

3. Fiore's injunction action was filed in this Court on November 15, 1995, and docketed at 61 M.D.

and order were entered, denying the petition for access, without prejudice.

On March 4, 1996, the Department filed a new petition for access with this Court. On March 21, 1996, Fiore filed preliminary objections to the Department's petition, arguing that the petition was barred by res judicata and/or collateral estoppel. Fiore asserts that further litigation on the matter of access is precluded by this Court's orders of August 16, 1995, and February 8, 1996.

In order for the principles of res judicata and/or collateral estoppel to apply there must be a final adjudication on the merits by a court of competent jurisdiction. *Veltri v. City of New Kensington,* 144 Pa.Cmwlth. 121, 601 A.2d 392 (1991), *petition for allowance of appeal denied,* 530 Pa. 658, 608 A.2d 32 (1992). We conclude that neither order cited by Fiore constitutes such an adjudication.

The order of August 16, 1995, dismissed the Department's grant of access based on the Department's failure to file a timely status report. That order dismissed the grant of access given by this Court in April, 1993; however, it is not a final order adjudicating any right of access that the Department might have.

Additionally, the order of February 8, 1996, vacated the December 27, 1995 grant of access after recognizing the procedural error that occurred when the petition for access and the injunction request were transferred to this Court. That order was entered without prejudice, signifying that further proceedings were contemplated. *Robinson v. Trenton Dressed Poultry Co.,* 344 Pa. Superior Ct. 545, 496 A.2d 1240 (1985).

As neither order represents a decision on the issues presented in the Department's latest petition, the principles of res judicata and collateral estoppel do not apply. Accordingly, we overrule Fiore's preliminary objections. Fiore shall file an answer to the Department's petition for access within twenty days, pursuant to Pa.R.C.P. No. 1028(d).

### ORDER

NOW, August 30, 1996, the preliminary objections filed by William Fiore, t/d/b/a Mu-

1993, the same number as the Department's orig-

nicipal and Industrial Disposal Company are hereby overruled. Fiore is ordered to file an answer to the Department of Environmental Protection's petition for access within twenty days of the date of this order pursuant to Pa.R.C.P. No. 1028(d).