**BOYERTOWN FOUNDRY and ESIS Wilmington WC, Petitioners**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MARTINEZ), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 28, 2011.

Decided Dec. 8, 2011.

James A. Tinnyo, Harrisburg, for petitioners.

Neil S. Kerzner, Philadelphia, for respondent Luis Martinez.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Boyertown Foundry (Employer) and ESIS Wilmington WC (collectively, Petitioners) petition for review of a June 13, 2011, order of the Workers' Compensation Appeal Board (WCAB) to the extent that it modified the decision of a workers' compensation judge (WCJ) dismissing the claim petition filed by Luis Martinez (Claimant) "with prejudice." The WCAB

substituted the words "without prejudice" in the WCJ's order. We reverse in part.

Claimant filed a claim petition alleging that, on May 29, 2009, he sustained a left knee injury while working for Employer. As a result, Claimant sought temporary total disability benefits from June 2, 2009, and ongoing. The WCJ held hearings on the claim petition, and Claimant and Employer adduced medical testimony and other evidence on the issue. In considering the record before him, the WCJ accepted as credible Employer's medical expert's testimony that Claimant did not suffer a work-related left knee injury on May 29, 2009. The WCJ also rejected Claimant's testimony that he suffered such an injury. The WCJ thus concluded that Claimant failed to meet his burden of proof on the claim petition. The WCJ then denied and dismissed Claimant's claim petition "with prejudice." (WCJ's Decision and Order at 9.)

Claimant appealed to the WCAB from the WCJ's decision. The WCAB determined that substantial evidence supported the WCJ's decision on the merits. Nonetheless, the WCAB also concluded that, because the WCJ had not dismissed the case for lack of prosecution, he should not have dismissed Claimant's claim petition with prejudice. Consequently, the WCAB affirmed the WCJ's decision but modified that decision "to deny and dismiss the Claim Petition without prejudice." (WCAB's Op. at 5.) Petitioners' appeal to this court followed.

On appeal, Petitioners contend only that the WCAB erred when it modified the WCJ's decision to include the words "without prejudice." In particular, Petitioners assert that, by dismissing Claimant's claim petition without prejudice, the WCAB improperly indicated that the case had not been decided on the merits and that Claimant may, at some point in the future, re-file the same claim. Upon review of the record, we agree with Petitioners that the WCAB should not have modified the WCJ's order to dismiss Claimant's claim petition "without prejudice." We reach this conclusion because an order that is entered without prejudice "signif[ies] that further proceedings [are] contemplated," *Department of Environmental Protection v. Fiore*, 682 A.2d 860, 862 (Pa.Cmwlth. 1996), which is clearly not the case here.[1]

As previously explained, the WCJ dismissed Claimant's claim petition after determining that Claimant did not meet either his burden of production or persuasion. The WCJ's decision and order thus constituted a final adjudication on the merits, to which the doctrines of *res judicata* and collateral estoppel apply. *Id.; see also Cromartie v. Pennsylvania Board of Probation and Parole*, 680 A.2d 1191, 1196–97 (Pa.Cmwlth.1996) (defining the doctrines of *res judicata* (*i.e.*, technical *res judicata*) and collateral estoppel). Moreover, while the WCJ included the words "with prejudice" when he denied and dismissed Claimant's claim petition, a review of the Special Rules of Administrative Practice and Procedure Before Workers' Compensation Judges reveals that such language was mere

---

1. The WCAB apparently reasoned that only dismissals for failure to prosecute should be dismissals "with prejudice." However, " 'a dismissal with prejudice for failure to prosecute a claim, *[like] a dismissal without prejudice* [,] is not intended to be *res judicata* of the merit to the controversy....' " *Municipality of Monroeville v. Liberatore*, 736 A.2d 31, 33 (Pa.Cmwlth.1999) (citation omitted) (emphasis added). Stated another way, a dismissal without prejudice is proper where there has been no decision on the merits of the claim. *Catalytic, Inc. v. Workmen's Compensation Appeal Board (Gwin)*, 101 Pa.Cmwlth.547, 516 A.2d 854, 855 (1986).

surplusage. The regulation at 34 Pa. Code § 131.111(b) specifically provides that, with limited exceptions, including appeal, *"[t]he decision of the judge will be a final order...."* Therefore, regardless of whether the WCJ's order specifically dismissed Claimant's claim petition with prejudice, Claimant is now precluded from raising the same cause of action or the same previously litigated and validly determined issues of law or fact again.

Accordingly, we reverse the WCAB's order to the extent that it modified the WCJ's order to deny and dismiss Claimant's claim petition "without prejudice."

## ORDER

AND NOW, this 8th day of December, 2011, the order of the Workers' Compensation Appeal Board (WCAB), dated June 13, 2011, is hereby reversed to the extent that it modified the order of the workers' compensation judge (WCJ) to deny and dismiss the claim petition of Luis Martinez (Claimant) "without prejudice." The WCAB's order is amended to deny and dismiss Claimant's claim petition in accordance with the final order of the WCJ.