Frank Gallagher, Appellant, *v.* Civil Service Commission of the City of Philadelphia, Appellee.

Argued October 10, 1974, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

280

*Joffrey B. Conn,* for appellant.

*Nicholas Panarella, Jr.,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY JUDGE CRUMLISH, JR., December 23, 1974:

The Court of Common Pleas of Philadelphia County affirmed a decision of the Civil Service Commission (Commission) of the City of Philadelphia (City) which restored Frank Gallagher (Appellant) to the Police Department (Department). Appellant was appointed to the Department in October of 1965. On December 8, 1970, he was arrested on one count of conspiracy and several counts of falsification stemming from charges of an alleged conspiracy to procure by illegal means driver's licenses. He was tried and acquitted. Thereafter, the Police Inquiry Board conducted a hearing on the same subject, suspended without pay and ultimately dismissed Appellant from the Department. The Commission on appeal by Gallagher convened a de novo hearing. In its adjudication, the Commission held, *inter alia,* that the evidence adduced raised an "inference" of conduct unbecoming an officer but that it warranted only a long suspension rather than outright dismissal. He was ordered restored to duty without back pay.

Our scope of review, as well as that of the court below, is defined by Section 8(b) of The Local Agency Law, Act of December 2, 1968, P. L. 1133, *as amended*, 53 P.S. §11308(b) which states in part: "After hearing, the court shall affirm the adjudication unless it shall find that the same is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of this act have been violated in the proceeding before the agency, or that any finding of fact made by the local agency and necessary to support its adjudication is not supported by substantial evidence." *See Harrington v. Philadelphia Civil Service Commission*, 4 Pa. Commonwealth Ct. 580, 287 A. 2d 912 (1972). In the instant appeal, the decisive issue for our determination is not whether Appellant is subject to criminal or civil liability, but rather, whether there was substantial evidence to justify his reinstatement "without back pay."

A careful reading of the record discloses the following evidence to be that relied upon in support of the Commission's adjudication and affirmance by the court below.

"Q. The second time you met Mr. Gallagher at your home did you discuss a driver's license for yourself?

"A. I did. I just asked him if I could get my license.

"Q. What'd he say?

"A. *Don't worry about it.*

"Q. Had you taken a driver's license test before meeting Frank Gallagher?

"A. No, no test at all.

"Q. You subsequently got an application for a learner's permit in the mail after that, didn't you?

"A. Yes, I did.

"Q. Which you signed.

"A. I signed.

"Q.   After that, Mr. DiMambro, did you ever take a visual or driving test at the Belmont Barracks or any State Police Barracks for a driver's license?

"A.   No.

"Q.   Did you subsequently get a driver's license in the mail?

"A.   Yes, I did.

### Cross-Examination

"Q.   Did you give any money or anything to Mr. Gallagher for anything he did for you?

"A.   No, I didn't.

"Q.   Most he did for you was to supply that form.

"A.   Yes." (Emphasis added.)

It was entirely the prerogative of the Commission to determine the credibility of witnesses and the value of their testimony. *Mettee v. Civil Service Commission,* 6 Pa. Commonwealth Ct. 82, 85, 293 A. 2d 147, 149 (1972). However, the court will examine, but not weigh, the evidence, since the fact-finding tribunal is in a better position than the court to pass upon elements of fact dependent upon oral testimony, and the court may not substitute its judgment for that of the agency. *Gibbs v. Civil Service Commission,* 3 Pa. Commonwealth Ct. 230, 281 A. 2d 170 (1971).

This appeal has as its cornerstone the contention that the evidence which has been set forth is not sufficient to meet the substantial evidence standard.  We agree.  Notwithstanding the absolution of criminal conduct, the Commission and the lower court concluded that there was an "inference" of unbecoming conduct in the record.  We have carefully reviewed the record, and out of hand reject the response "don't worry about it," without further clarifying testimony, as substantial evidence sufficient to support Commission's finding. The substantial evidence required to support the finding of an administrative agency must be such relevant

evidence as a reasonable mind might accept as adequate to support the conclusion. *Tritex Sportswear v. Commonwealth,* 12 Pa. Commonwealth Ct. 335, 337, 315 A. 2d 322, 324 (1974), and must be material and of consequence. It may very well be the Department, the Commission and the lower court had good reason to suspect that there existed a cancerous venality in the Police Department, but no one will deny that in our system of jurisprudence, suspicion may never be substituted for the standard of proof required by our laws in order that the end is justified by the means. The naked response upon which our predecessors in judgment relied is not adequate to support the conclusion. Accordingly, consistent with the foregoing, the order of the Court of Common Pleas of Philadelphia County affirming the Civil Service Commission is hereby affirmed wherein it restored Frank Gallagher to duty and is reversed as to that portion which denies him back pay and all other attendant emoluments of his office. The Philadelphia Police Department is ordered to pay to Frank Gallagher full back pay less income earned, and emoluments appertaining to his position, for the period commencing December 28, 1970 to the present.