Eleanor Jewett, Appellant *v.* B & O Railroad, Chessie System, Appellee.

476

Argued February 28, 1983, before Judges BLATT, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Gary M. Davis, Davis & Abramovitz,* for appellant.

*Theresa Homisak,* with her, *Gary Sharlock, Sharlock, Repcheck, Engel & Mahler,* for appellee.

OPINION BY JUDGE BLATT, August 22, 1983:

Eleanor Jewett (appellant) appeals here from an order of the Court of Common Pleas of Allegheny County reversing an order of the Pittsburgh Commission on Human Relations (Commission).

The appellant had been employed as a trackworker for the Baltimore and Ohio Railroad Company for approximately four weeks when she was discharged. The stated reason for her discharge was "unsatisfactory work performance due to her physical inability to perform satisfactorily as a trackworker." The appellant, contending that she was discharged because of her sex (female), filed a complaint with the Commission, which, after finding that she had indeed been dis-

charged because of her sex, ordered her to be reinstated and reimbursed for the lost wages. The court of common pleas, without taking any additional, evidence, reversed this decision based on its conclusion that the testimony relied on by the Commission was not "persuasive".

It is well settled that the findings of the Commission may not be disturbed on appeal if they are in accordance with the law and are supported by substantial evidence. *General Electric Corp. v. Pennsylvania Human Relations Commission,* 469 Pa. 292, 365 A.2d 649 (1976). Substantial evidence is that evidence, including the inferences therefrom, upon which a "reasonable man, acting reasonably, *might* have reached the decision." *St. Andrews Development Co. v. Pennsylvania Human Relations Commission,* 10 Pa. Commonwealth Ct. 123, 128, 308 A.2d 623, 625 (1973) (emphasis in original).

A review of the record reveals that the four other trackworkers in the appellant's gang *all* testified that she performed her job satisfactorily, that they never had any complaints about her work and never had to redo any of her work, and that her job performance was never critized by any of the supervisors.[1] Additionally, one of these trackworkers testified that the appellant's work was "the same [as] or better" than the work of the male trackworker who had started the same day as the appellant, but was not discharged.

---

[1] The trial court concluded that the testimony of these co-workers was not credible because "[they] themselves could not show that their qualifications met some standard of efficiency and competence." We note, however, that the employer's counsel admitted in his opening statement that two of these co-workers "are qualified and good workers." This statement was supported by the testimony of Foreman Briggs, a witness for the employer, who testified that these men are "competent" at their jobs.

Another trackworker in the gang testified that during a pre-trial discussion, the employer's counsel told him that "if you don't [cooperate], you realize that there will probably be more women working for us out there on the tracks." And the appellant testified that, when she was discharged, she was asked if she "couldn't get a job as a secretary somewhere," although there is no indication that she has the requisite skills, experience or interest in such a position.

In determining that the appellant was discharged because of her sex, and that the stated reason of "unsatisfactory work performance" was merely a pretext, the Commission based its finding on substantial evidence in the record. We believe, therefore, that the trial court exceeded its scope of reviw by substituting its judgment as to credibility for that of the Commission.[2] *Gallagher v. Philadelphia Civil Service Commission,* 16 Pa. Commonwealth Ct. 279, 330 A.2d 287 (1974).

We will, therefore, reverse the order of the court of common pleas and reinstate the order of the Commission.

### Order

And Now, this 22nd day of August, 1983, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed, and the order of the Pittsburgh Commission on Human Relations is hereby reinstated.

---

[2] We also note that the trial court misapprehended the testimony in the record when it concluded "[a]ppellant also submitted testimony, which was unrefuted, that because of [the appellant's] physical condition, the work production and efficiency of the group to which she was assigned fell far below acceptable standards." A review of the testimony has revealed that there is no support in the record for this conclusion.