618 A.2d 1193

Abraham A. CONSTANTINO, Jr. and
Rose Constantino, Appellants,

v.

ZONING HEARING BOARD OF the BOROUGH OF
FOREST HILLS, Borough of Forest Hills.

Commonwealth Court of Pennsylvania.

Argued Oct. 19, 1992.

Decided Dec. 17, 1992.

Joseph J. Chester, for appellants.

Sanford Kelson, for appellees.

Before SMITH and PELLEGRINI, Judges, and LORD, Senior Judge.

SMITH, Judge.

Abraham A. Constantino, Jr., and Rose Constantino (Appellants) appeal from the December 16, 1991 order of the Court

of Common Pleas of Allegheny County which affirmed the decision of the Zoning Hearing Board of the Borough of Forest Hills (Board) denying Appellants' request for a variance. Issues raised for review are whether substantial evidence supports the Board's findings regarding the height of a wall built by Appellants which exceeds height restrictions imposed by the municipal zoning ordinance; and, if so, whether Appellants' deviation from the ordinance is de minimis so that a variance should be granted.

On June 27, 1990, Appellants obtained from the Borough of Forest Hills (Borough) a permit to build a brick wall along the entire northern side boundary of the property upon which their personal residence is located. As set forth in the Borough's zoning ordinance, a structure such as Appellants' brick wall is identified as a "retaining wall" toward the front portion of the wall and a "fence" toward the rear portion of the wall. The zoning ordinance provides for a height limitation of five feet for fences along side and rear yards and a limit of six inches for retaining walls along front yards.

During construction of the wall in November 1990, the Borough manager made an inspection and determined that it exceeded the five-foot height limitation. He twice informed the contractor building the wall that it exceeded the dimensions set forth in the permit application and that construction should cease, but was told that Appellants directed that the wall be built that way. On November 30, 1990, the Borough manager served Appellants with an enforcement notice charging violations of the zoning ordinance's height restrictions on fences and retaining walls. The enforcement notice also modified Appellants' original permit to allow a fence in the side and rear yard to the height of five feet above the original grade of the yard.[1] Appellants were advised to begin compliance with the ordinance and with the permit as modified within ten days and to be in full compliance within fifteen days. The notice also stated that Appellants had the right to appeal the Bor-

1. This modification was for the purpose of allowing Appellants to build up to five feet those sections of the wall which were less than five feet high as indicated on the original plan.

ough's determination to the Board within ten days. Appellants neither complied with the notice nor appealed the determination. The Borough thereafter sought enforcement remedies for the violation pursuant to Section 617 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10617.

On January 28, 1991, after a hearing on the Borough's enforcement notice, a magistrate fined Appellants $50 daily but, upon agreement by the Borough, stayed collection of the fine if Appellants filed a timely appeal of the magistrate's adjudication and/or requested a variance from the Board. Appellants requested a variance from the Board which issued a determination dated April 23, 1991 denying Appellants' request. The Board found as fact that at the rear portion of Appellants' property the wall is nine feet high as measured from Appellants' original grade; that the wall along most of the remainder of the side yard is seven and one-half feet high; and that the retaining wall along the front yard exceeds six inches in height, at one point being three and one-half feet high. On appeal, the trial court affirmed the Board's decision and Appellants' appeal from that decision is now before this Court.[2]

Appellants first argue that the Board incorrectly determined the height of the wall because it measured the height from the grade of the adjoining property rather than from Appellants' original grade. Appellants cite the November 30, 1990 modification of their permit allowing a wall five feet above the original grade of the yard and rely on testimony and photographic evidence which allegedly support their conten-

2. In zoning appeals, where the trial court takes no additional evidence, this Court's scope of review is limited to determining whether the Board committed an abuse of discretion or an error of law. *Atlantic Refining & Marketing Corp. v. Board of Comm'rs of York Township,* 147 Pa.Commonwealth Ct. 418, 608 A.2d 592 (1992). A conclusion that the Board abused its discretion may be reached only if its findings are not supported by substantial evidence. *Valley View Civic Ass'n v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983); *Hoopes v. Zoning Hearing Board of Haverford Township,* 134 Pa.Commonwealth Ct. 26, 578 A.2d 63 (1990), *appeal denied,* 527 Pa. 655, 593 A.2d 426 (1991).

tion that the original grade of their yard is three to four feet above the grade of the adjoining property. Therefore, Appellants assert, measurements of the wall taken on the side of the adjoining property as well as those taken from the top of a previously-existing stone retaining wall on the adjoining property were in error since Appellants' brick wall will not exceed the height restrictions of the ordinance once backfilling on their side of the wall is complete.

Appellants' contention both mischaracterizes the evidence presented to the Board and misperceives the nature of the Board's findings.[3] The Borough presented evidence of the height of Appellants' wall as measured from the approved original grade indicated on their permit and not from the grade of the adjoining property. Measurements taken on Appellants' side of the wall the day of the Board's hearing showed that the wall considerably exceeded the ordinance requirements. The approved plan indicates the location of the original grade with a fine dotted line above which the wall was exactly five feet in height or less along the side and rear yard. Nevertheless, Appellants erected the wall higher than the approved plan's five-foot limit by up to four feet in some areas.

Furthermore, Appellants' claim that their original grade is three to four feet higher than the neighboring property grade is neither borne out by the photographic exhibits nor by the testimony found credible by the Board. This evidence reveals that Appellants' home is located on property which slopes downward from the house to the property line in question. Thus, the "original grade" at the property line, as envisioned in both the ordinance and the enforcement notice, is lower than the grade at the foundation of Appellants' home.

■ Based on evidence that the original grade was at or slightly above the top of the previously-existing stone retaining wall on the adjoining property, the Board specifically

3. Although Appellants assert that their wall did not violate the height limitations imposed by the zoning ordinance, they nevertheless failed to comply with or appeal from the enforcement notice, thus establishing their violation. Section 616.1 of the MPC, added by Section 60 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10616.1.

rejected Appellants' assertion of where the original grade was located and noted that they were projecting a grade which was level with the foundation of the house. In fact, there was evidence to show that there was fill material being placed on Appellants' side of the wall in an attempt to raise their grade. The Board properly relied upon this evidence in determining the amount by which Appellants' wall exceeded the height limitations imposed by the ordinance. The Board as factfinder is the sole judge of credibility and conflict in testimony and has the power to reject even uncontradicted testimony if the Board finds the testimony lacking in credibility. *Vanguard Cellular System, Inc. v. Zoning Hearing Board of Smithfield Township*, 130 Pa.Commonwealth Ct. 371, 568 A.2d 703 (1989), *appeal denied,* 527 Pa. 620, 590 A.2d 760 (1990); *Abbey v. Zoning Hearing Board of the Borough of East Stroudsburg,* 126 Pa.Commonwealth Ct. 235, 559 A.2d 107 (1989).

A party seeking a variance bears the burden of proving that (1) unnecessary hardship will result if the variance is denied, (2) the hardship is unique or peculiar to the property as distinguished from a hardship arising from the impact of zoning regulations on the entire district, and (3) the proposed use will not be contrary to the public interest. *Valley View Civic Ass'n v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983); *Chacona v. Zoning Board of Adjustment,* 143 Pa.Commonwealth Ct. 408, 599 A.2d 255 (1991). In proving unnecessary hardship, a property owner must show, inter alia, that the hardship is not self-created. *Curtis Investment Co. v. Zoning Hearing Board of the Borough of West Mifflin,* 140 Pa.Commonwealth Ct. 302, 592 A.2d 813 (1991). Furthermore, the reasons underlying a grant of a variance must be substantial, serious, and compelling. *McClintock v. Zoning Hearing Board of Fairview Borough,* 118 Pa.Commonwealth Ct. 448, 545 A.2d 470 (1988).

As found by the Board and the trial court, Appellants wholly failed to present any evidence establishing unnecessary hardship. Moreover, since Appellants continued to construct their wall beyond the limits imposed by the ordinance and the

original permit despite warnings and an enforcement notice from the Borough advising them to the contrary, any hardship they have encountered is entirely self-created. Appellants therefore did not meet their requisite burden of proof.

 Appellants last argue that a variance should be granted because their violation is a de minimis variation. Variances may be granted where de minimis deviations from a zoning ordinance occur, even though the traditional grounds for a variance may not have been met. *West Bradford Township v. Evans*, 35 Pa.Commonwealth Ct. 167, 384 A.2d 1382 (1978). However, the de minimis doctrine is a narrow exception to the heavy burden of proof placed on a property owner seeking a variance, and it applies where only a minor deviation from the zoning ordinance is sought and rigid compliance is not necessary to protect the public policy concerns inherent in the ordinance. *Chacona.*

Testimony established that the average violation along the length of the entire wall was 20%, with some points exceeding a 50% violation. Such deviations from the ordinance do not qualify as de minimis. *See Chacona* (variance under de minimis standards not justified where addition would require 33% variance from rear yard requirements); *D'Amato v. Zoning Board of Adjustment of the City of Philadelphia*, 137 Pa.Commonwealth Ct. 157, 585 A.2d 580 (1991) (variation of approximately 13% from open area requirement is not de minimis); *Leonard v. Zoning Hearing Board of the City of Bethlehem*, 136 Pa.Commonwealth Ct. 182, 583 A.2d 11 (1990), *appeal denied*, 529 Pa. 665, 604 A.2d 1032 (1991) (500 square-foot deviation from 8000 square-foot lot size requirement, amounting to a 6.25% variation, is not de minimis); and *Andreucci v. Zoning Hearing Board of Lower Milford Township*, 104 Pa.Commonwealth Ct. 223, 522 A.2d 107 (1987) (approximate 15% deficiency from minimum lot size requirement is not de minimis).[4] Accordingly, finding no error in the Board's decision, the order of the trial court is affirmed.

4. Additionally, this is not a case in which a de minimis variance should be granted to relieve Appellants of the hardship of altering their structure to comply with the ordinance, as in *Pyzdrowski v. Pittsburgh*

## ORDER

AND NOW, this 17th day of December, 1992, the order of the Court of Common Pleas of Allegheny County dated December 16, 1991 is affirmed.

*Board of Adjustment,* 437 Pa. 481, 263 A.2d 426 (1970). The concern in *Pyzdrowski* and similar cases was with the practical difficulty that enforcing the ordinance would require moving an entire building. In the matter sub judice, the expense of reducing the height of Appellants' brick wall is certainly not as great as that involved in relocating an existing building. *See Gottlieb v. Zoning Hearing Board of Lower Moreland Township,* 22 Pa.Commonwealth Ct. 365, 349 A.2d 61 (1975) (homeowners were required to relocate concrete "pad" surrounding swimming pool that violated township's setback requirement).