843 A.2d 426 (2004)
CENTER CITY RESIDENTS ASSOCIATION (CCRA) and Society to Reduce Urban Blight (SCRUB), Appellants
v.
ZONING BOARD OF ADJUSTMENT of the CITY OF PHILADELPHIA and City of Philadelphia and RRR Management Company and Outdoor Works, Inc.
Commonwealth Court of Pennsylvania.
Submitted on Briefs December 19, 2003.
Decided February 27, 2004.
*427 Stanley R. Krakower, Philadelphia, for appellants.
Brett D. Feldman, Philadelphia, for appellees.
BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and MIRARCHI, JR., Senior Judge.
OPINION BY Judge SIMPSON.
Center City Residents Association and the Society Created to Reduce Urban Blight (collectively Objectors) appeal an order of the Court of Common Pleas of Philadelphia County (trial court) that affirmed the decision of the Zoning Board of Adjustment of Philadelphia (Board) permitting Outdoor Works, Inc. (Applicant) to replace a painted outdoor advertising sign with a vinyl wall wrap.[1] Concluding Objectors waived all issues raised on appeal, we affirm.
RRR Management Company (Owner) owns a vacant lot located on Chestnut Street in Philadelphia (Subject Property). The Subject Property lies within a C-4 zoning district. Pursuant to a variance issued in 1963, the Subject Property has been continuously used as a parking lot.
In 1973, the Philadelphia Department of Licenses and Inspections (L & I) issued a zoning permit authorizing use of the wall of the building adjacent to the Subject Property for a 20 foot by 40 foot non-accessory sign. Reproduced Record (R.R.) at 89-90a. The zoning permit specifically indicates a "use permit" was not required to use the Subject Property for a painted wall sign as it was a permitted use. R.R. 90a. Between 1973 and 1998 the sign was painted on the wall. In 1991, the Philadelphia Zoning Code (Zoning Code) was amended to include prohibitions on commercial non-accessory advertising signs in C-4 districts. See § 14-305(2)(b) of the Zoning Code.
In 1997, Applicant secured a lease from Owner to use the wall for advertising. Thereafter, Owner filed a zoning permit application to change the face of the sign to a wall wrap with the same dimensions and at the same location as under the 1973 permit. R.R. at 91a. L & I certified a "zoning permit [was] not required" to change the face of the sign. Id. Applicant replaced the painted sign with a wall wrap. R.R. at 46a.
In 2001, L & I issued Applicant a violation notice on the grounds its sign was prohibited in the C-4 district. R.R. 95a. Thereafter, Owner applied to L & I for a *428 zoning permit. L & I refused to grant the permit on the ground the sign was located in a C-4 district. Applicant appealed to the Board.
Following a hearing, the Board granted Applicant permission to use a vinyl wall wrap in place of the painted sign. Specifically, the Board determined the sign was a permitted use as of 1973 when the zoning permit was issued. The Board further determined the sign was used continuously since that time and, in 1991, the Zoning Code was amended to prohibit commercial non-accessory advertising signs in C-4 districts. Thus, the Board determined the sign constituted a valid pre-existing nonconforming use.[2] On appeal by Objectors,[3] the trial court affirmed.
Objectors appealed to this Court.[4] On July 30, 2003, the trial court ordered Objectors to file a Statement of Matters Complained of on Appeal within 14 days pursuant to Pa. R.A.P.1925(b). Objectors did not file their 1925(b) Statement within 14 days. Thus, on August 22, 2003, the trial court issued an opinion pursuant to Rule 1925(a) in which it opined Objectors' failure to file a 1925(b) Statement resulted in automatic waiver of any issues they could raise on appeal. The trial court also transmitted the record to this Court. Several days later, Objectors filed their 1925(b) Statement.
We agree with the trial court that, in order to preserve their claims for review, appellants must comply whenever a trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Commonwealth v. Lord, 553 Pa. 415, 719 A.2d 306 (1998). The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Commonwealth v. Lemon, 804 A.2d 34 (Pa.Super.2002). Pa. R.A.P.1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Id. Thus, Rule 1925 is a crucial component of the appellate process. Id.
Where an appellant files a 1925(b) Statement after the trial court files its opinion and transmits the remainder of the record to an appellate court, the appellant preserves no issues for appellate review. Commonwealth v. Overby, 744 A.2d 797 (Pa.Super.2000).
Here, Objectors did not file their 1925(b) Statement within 14 days in accordance with Pa. R.A.P.1925. Moreover, Objectors did not file their 1925(b) Statement until after the trial court issued its brief statement and transmitted the remainder of the record to this Court. As a result, there is no trial court opinion addressing the merits of the appeal. Based on these violations *429 of Pa. R.A.P.1925, Objectors waived any issues raised on appeal. Lord; Overby.
Accordingly, we affirm.[5]

ORDER
AND NOW, this 27th day of February, 2004, the order of the Court of Common Pleas of Philadelphia County is AFFIRMED.
NOTES
[1] A wall wrap drapes the side of a building like a banner as opposed to a painted sign which is represented directly upon a building.
[2] The Board also granted Applicant a variance. The Board determined Applicant proved it would suffer an unnecessary hardship without the variance because application of modern techniques for reproducing copy were the minimal changes necessary to ensure the continued viability of the pre-existing nonconforming sign. The Board also determined granting the variance would not be contrary to the public interest.
[3] Consistent with Section 14-1807 of the Philadelphia Zoning Code, Objectors' Notice of Appeal to the trial court did not specify any issues.
[4] In zoning appeals, as here, where the trial court takes no additional evidence, our review is limited to determining whether the board abused its discretion or committed an error of law. Northampton Area Sch. Dist. v. E. Allen Township Bd. of Supervisors, 824 A.2d 372 (Pa.Cmwlth.), petition for allowance of appeal denied, 575 Pa. 689, 834 A.2d 1144 (2003).
[5] As to the substantive issues, Objectors raise three arguments, all of which lack merit. First, they assert the Board erred in determining Applicant's sign is a valid pre-existing non-conforming use. To establish a valid nonconforming use, it was Applicant's burden to prove the sign existed and was lawful prior to enactment of the Zoning Code amendments prohibiting it. See Hager v. W. Rockhill Township Zoning Hearing Bd., 795 A.2d 1104 (Pa.Cmwlth.2002). Applicant met this burden. The outdoor advertising sign was permitted when originally installed. R.R. at 28a. Further, in 1973, L & I issued Owner a zoning permit for a 20 foot by 40 foot non-accessory outdoor advertising sign. R.R. 29a, 89-90a. In 1991, upon the enactment of amendments to the Zoning Code, the sign became illegal. Thus, the Board correctly determined Applicant established that the sign is a valid pre-existing non-conforming use. Board Op. at 6-7.

Alternatively, Objectors argue, even if Applicant established a nonconforming use, changing the face of the sign destroyed the right to continue the use. See §§ 14-1604(11), (12)(b) of the Zoning Code. Absent a finding that a proposed commercial modernization will create a new use, extend a nonconformity to new land, or be detrimental to the community, modernization must be permitted. See Feldman v. Zoning Hearing Bd. of the City of Pittsburgh, 89 Pa.Cmwlth. 237, 492 A.2d 468 (1985). Here, it is undisputed the sign has not changed in any significant manner since 1973. While neither the location nor the size of the sign changed, the copy on the sign changed continuously since it was first installed. In fact, Applicant changed the copy every six months since 1997. The Board found Applicant's proposed face change would merely modernize the sign. Board Finding of Fact No. 17. Notably, the Board made no finding that Applicant sought to expand the area of the sign or that the proposed modernization would be detrimental to the community. Therefore, Objectors' argument fails.
Finally, Objectors argue a variance was required to replace the sign. Because the sign is a pre-existing nonconforming use, and the face change is a permissible modernization of the use, this issue also fails.