**Sung E. CHOE, Appellant**

v.

**PHILADELPHIA BOARD OF LICENSE & INSPECTION.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 6, 2004.

Decided April 16, 2004.

Kenneth M. Rodgers, Philadelphia, for appellant.

Cheryl L. Gaston, Philadelphia, for appellee.

BEFORE: PELLEGRINI, Judge, and COHN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.[1]

Sung E. Choe (Choe) appeals from an order of the Philadelphia Court of Common Pleas (trial court) affirming the decision of the Philadelphia Board of License and Inspection Review (Board) which upheld the decision of the Department of Licenses and Inspections (L & I) revoking her business privilege license and ordering her to cease operation of her business. We affirm.

On October 14, 2002, city police officers responded to a call from a complainant at Garden of Tokyo, a massage parlor on the third floor of 1207 Race Street, Philadelphia, Pennsylvania, which was licensed to Suki Choe. The complainant alleged that she was forced to perform acts of prostitution, was assaulted and held against her will. The owner of the premises and two men were arrested and charged with a number of crimes, including prostitution. L & I issued a cease operations order directing that business activity at the premises cease immediately until the required license was obtained.[2]

1. This opinion was reassigned to the author on March 2, 2004.

2. Philadelphia Code, Section 19–2602, requires all holders of business privilege licenses to refrain from a list of prohibited offenses, including "to engage in acts of prostitution or promoting prostitution as defined at 18 Pa. C.S. § 5902(a) and (b)." Philadelphia Code, Section 19–2602(4)(c).

This section further provides that, "The Department of Licenses and Inspections shall refrain from issuing, or shall revoke, the business license of any person, who, under color of such license intends to operate, or is operating, in violation of the provisions of subsections 19–2602(4)(b), 4(c), 4(d), 4(e), or 4(f), and shall take all steps necessary to terminate the business operations of any business establishment that has violated any of such subsections, including but not limited to the following .... (b) padlocking and physical closure of the business enterprise; and (c) the initiation of proceedings to enjoin preliminary and/or permanently the further operation of the business enterprise which has violated or intends to violate such sub-sections." Philadelphia Code, Section 19–2602(4)(d)(1).

It also provides, "Whenever business is being conducted in or on any premises without a required business privilege license, the Department of Licenses and Inspections may

On October 30, 2002, L & I issued a business privilege license to Choe which allowed her to conduct business as a health spa on the first floor of 1207 Race Street. Because L & I believed that the operations taking place on the third floor had merely moved to the first floor, L & I revoked the license on December 11, 2002 and posted a cease operations order at Garden of Tokyo, 1207 Race Street, directing that all business cease. Choe filed a timely appeal with the Board.

At a February 4, 2003 hearing, L & I presented the testimony of Kevin Daly, an employee of L & I. He testified that he was informed that the operation on the third floor had moved to the first floor by Immigration and Naturalization Service (INS) agents who were involved with the October 14, 2002 incident and were watching the building.[3] He testified that the agents asked him to go visit the site, explaining:

> We went over. I got two uniformed Officers from the 6th District. We went to the front door. The front door was open. Then it led to an inside door. I knocked on the door. The INS agent went to the back of the building, and that's when the girls that were in there

tried to escape out the back door, running out the back door.

(N.T. 2/04/03, p. 14). Daly further testified that even though the license was issued for a "health spa," while it did not have exercise equipment, it did have beds. Choe did not present any evidence before the Board. The Board voted unanimously to deny Choe's appeal.

Choe appealed to the trial court. The case was heard before the trial court based on the record before the Board, and both parties filed briefs in support of their respective positions. In her brief, Choe identified the issues as follows:

> The first issue is whether there was sufficient evidence adduced before the Board of License & Inspection Review on February 4, 2003 to support the Board's determination to affirm the City. The second issue is whether under the Commonwealth Court Decision of *Philadelphia License Board v. 2600 Lewis, Inc.,* 661 A.2d [20] (Pa.Cmwlth. 1995), there was adequate pre-revocation notice before the license was ceased.[4]

■ By order dated August 26, 2003, the trial court affirmed the order of the Board. Choe then appealed to this Court.[5] By trial order dated September 18, 2003,

issue a Cease Operations Order directing that business activity cease immediately until the required license is obtained." Philadelphia Code, Section 19–2602(6).

**3.** At the time the events involved in this case took place, immigration services were provided by INS. Subsequent to that time, after March 1, 2003, those services were transitioned into the Department of Homeland Security under a new name, U.S. Citizenship & Immigration Services.

**4.** In *2600 Lewis,* we examined both state and federal constitutional law regarding hearing requirements when a license is revoked in which a licensee has a property interest. We

also held that when an adequate pre-termination hearing was not held, a timely post-deprivation hearing must be held.

**5.** It is well-settled that the Board, as the ultimate fact-finder, is the sole judge of credibility and conflict in testimony and has the power to reject even uncontradicted testimony if the Board finds the testimony lacking in credibility. *Constantino v. Zoning Hearing Board of Borough of Forest Hills,* 152 Pa.Cmwlth. 258, 618 A.2d 1193 (1992). Further, where, as here, a court takes no additional evidence, it is bound by the credibility determinations of the Board. *Gallagher v. Civil Service Commission of City of Philadelphia,* 16 Pa.Cmwlth. 279, 330 A.2d 287 (1974).

Choe was directed to file a concise statement of matters complained of on appeal pursuant to Pa. R.A.P.1925(b) by October 2, 2003. However, Choe failed to file a 1925(b) statement.[6] Subsequently, the trial court issued an opinion in which, after addressing the merits, opined that Choe's failure to file a 1925(b) statement resulted in automatic waiver of any issues that she could raise on appeal and stating that her appeal should be quashed.

 On appeal, Choe argues that: 1) the Board's decision is not supported by substantial evidence and 2) L & I did not provide her with adequate pre-revocation notice.

Echoing the trial court, L & I contends that we should dismiss Choe's appeal because she waived all issues for appeal when she failed to comply with the trial court's order to file a 1925 statement. We agree.

Recently, in *Center City Residents Association (CCRA) and the Society to Reduce Created to Reduce Urban Blight (SCRUB) v. Zoning Board of Adjustment of the City of Philadelphia*, 843 A.2d 426 (Pa.Cmwlth. 2004); filed February 27, 2004), we had the opportunity to address this same issue. In *Center City*, the objectors appealed to this Court and the trial court ordered them to file a Statement of Matters Complained of on Appeal within 14 days pursuant to Pa. R.A.P.1925(b). However, objectors failed to file the 1925(b) statement. Thereafter, the trial court issued an opinion wherein it stated that the objectors' failure to file a 1925(b) statement resulted

in an automatic waiver of any issues they could raise on appeal. The trial court then transmitted the certified record to this Court and, a few days later, objectors filed their 1925(b) statement. On appeal, we held that objectors waived any issues raised on appeal by their failure to file a 1925(b) statement within 14 days. Accordingly, we affirmed the order of the trial court.

In this case, we are presented with a nearly identical situation. Because Choe failed to file a 1925(b) statement, she waived any issues she raised on appeal. Although Choe and the Board filed briefs before the trial court, Choe did not obey the order of the trial court to file the concise statement required by that order. Choe's refusal or failure to comply with that order of court will not be rewarded by this Court exercising its discretion to determine if appellate review can still be accomplished by reviewing the record, briefs and opinion of the trial court. Such a review at this time would only encourage further disregard or disrespect of a Rule of Appellate Procedure and an order of court, both of which were designed to assist the trial judge in writing an opinion which addresses only the issues being raised on appeal by the appellant. Further, the narrowing of issues caused by compliance with the Rule 1925 order assists the appellate court because it may review the trial court's opinion before reading appellant's brief. Even if issues were raised in briefs before the trial court, the appellant may raise different or fewer issues before the appellate court. If ap-

---

6. Pa. R.A.P.1925(b) provides:

The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

pellant does not file a statement of matters complained of on appeal, the trial judge is forced to guess at the issues which appellant might raise on appeal and the trial court may later read about issues in the appellate opinion that were not even raised by the appellant before the trial judge. The lack of a statement of matters complained of on appeal denies the trial judge the opportunity in its opinion to rule on the waiver of any issues raised by appellant in its appeal to the appellate court which were not raised before the trial court.

Our Supreme Court unanimously expressed its holding on Pa. R.A.P.1925(b):

[I]n order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.

*Commonwealth v. Lord,* 553 Pa. 415, 420, 719 A.2d 306, 309 (1998). Madam Justice Newman wrote a concurring opinion that clarifies any question that the above language was not modified by Pa. R.Crim. P. 1410(B)(1)(c):

Where the trial court orders an appellant to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925(b), Rule 1410(b)(1)(c) will not save any issues from such a statement being waived.[7]

*Id.*

Accordingly, the trial court did not err in affirming the Board and in holding that Choe has waived all issues that she could

raise on appeal. As such, we choose not to address the merits of Choe's appeal.

Accordingly, the order of the trial court is affirmed.

### *ORDER*

AND NOW, April 16, 2004, the order of the trial court dated August 26, 2003 is hereby AFFIRMED.

DISSENTING OPINION BY Judge PELLEGRINI.

I respectfully dissent from the majority's opinion that Sung E. Choe (Choe) waived all the issues on appeal by not filing a statement in response to the request by the trial court to file a statement pursuant to Pa. R.A.P.1925(b).

While I recognize the importance of a 1925(b) statement to aid the trial court and the appellate courts in identifying the issues, there was no need for the trial court to have issued one in this case to identify or narrow the issues. The case was heard before the trial court based on the record before the Board, and both parties filed briefs in support of their respective positions. In her brief, Choe identified the issues as follows:

The first issue is whether there was sufficient evidence adduced before the Board of License & Inspection Review on February 4, 2003 to support the Board's determination to affirm the City. The second issue is whether under the Commonwealth Court Decision of *Philadelphia License Board v. 2600 Lewis, Inc.,* 661 A.2d [20] (Pa.Cmwlth. 1995), there was adequate pre-revocation notice before the license was ceased.

---

7. Pennsylvania Rule of Criminal Procedure 1410(B)(1)(c) states in pertinent part:
 Issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues.

After oral argument, the trial court dismissed the appeal without issuing an opinion. After Choe appealed to this Court, Choe was ordered to file a concise statement of matters complained of on appeal pursuant to Pa. R.A.P.1925(b)[1] by October 2, 2003, but failed to do so. Subsequently, the trial court issued an opinion in which, after addressing the merits, opined that Choe's failure to file a 1925(b) statement resulted in automatic waiver of any issues that she could raise on appeal and stating that her appeal should be quashed.

Choe's failure, in this case, to file the statement did not frustrate appellate review because those issues were identified as the issues in her brief and at oral argument. Because no purpose was served by the issuance of a 1925(b) statement to winnow the issues even further, and although I do not countenance Choe's failure to file a 1925(b) statement as ordered, in such circumstances, to not address the merits of the appeal is an abuse of discretion.

Accordingly, I dissent.[2]

---

1. Pa. R.A.P.1925(b) provides:

 The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

2. Although it has not addressed this exact issue, I recognize that the Superior Court has been strict in its finding of waiver. In his concurring opinion in *Commonwealth v. Alsop*, 799 A.2d 129, 136 (Pa. Superior Ct.2002), President Judge Del Sole asked for a reappraisal of its position, stating:

 I would not find Appellant's issues waived and write separately to suggest we re-examine our application of Pa. R.A.P.1925 and *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998).
 I would revisit those previous decisions of this court that, applying *Lord*, have held issues waived even where the trial court has addressed those issues in an opinion. These include those cases where a 1925(b) statement was either not filed or filed after the trial court opinion.
 In *Lord*, Mr. Justice Nigro, in explaining why there can be waiver for failing to list issues in a 1925(b) statement, wrote:
 The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues while the parties plan to raise an appeal. 719 A.2d at 308.
 There is no functional difference when the issues are addressed in a trial court opinion written in response to a 1925 statement, or when anticipated issues are addressed by the trial court absent such a statement. In either case, the existence of the trial court opinion allows for "meaningful and effective" appellate review.
 I believe that sound policy reasons exist not to find waiver. The public is better served when disputes are resolved on their merits rather than by default.