IN THE COMMONWEALTH COURT OF PENNSYLVANIA

TowerCo 2013 LLC,                    :
            Appellant                :
                                     :
      v.                             : No. 239 C.D. 2017
                                     : ARGUED: November 14, 2017
Cecil Township Board of Supervisors :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE J. WESLEY OLER, JR., Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE OLER, JR.                FILED: December 8, 2017


         TowerCo 2013 LLC (TowerCo) appeals from the January 30, 2017 order of the Court of Common Pleas of Washington County (trial court), which denied TowerCo's appeal and affirmed the opinion of the Cecil Township Board of Supervisors (Board) that found TowerCo's application to construct a communications tower facility (Tower Facility) in Cecil Township (Township) incomplete. We affirm.

         TowerCo is a tower infrastructure provider that owns and operates communications tower sites across the country. Pittsburgh SMSA Limited Partnership d/b/a Verizon Wireless (Verizon) is a provider of wireless communications services. TowerCo entered into a ground lease agreement with James Osella to construct a Tower Facility on Osella's property (Property) in the Township. The Property is located in an R-1 Zoning District and consists of

approximately 23.5 acres.  The Cecil Township Zoning Ordinance (Ordinance) provides for communications towers as a conditional use in an R-1 Zoning District.

On September 22, 2015, TowerCo filed a conditional use application to construct a Tower Facility on the Property to fill a significant gap in Verizon's coverage in the Township.  The Board held a public hearing on November 17, 2015 in connection with the application.  The Board did not vote on the application at the November 17, 2015 hearing.  After the meeting, TowerCo delivered to Bruce Bosle, the Township zoning officer, a certified survey identifying all property owners within 300 feet of the Property.  At the Board's regularly scheduled December 7, 2015 meeting, some Township residents stated that they did not receive notice of the November 17, 2015 hearing.  On December 12, 2015, in response to the Township's request to send additional notice to Township residents, TowerCo agreed to extend all time limitations under the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101 – 11202, by 90 days.  Thus, a second hearing was scheduled in an effort to ensure that all appropriate residents received proper notice and had an opportunity to be heard.

On January 25, 2016, the Board conducted the second public hearing.  At the hearing, TowerCo presented testimony and evidence, the Board questioned witnesses, and several Township residents spoke.  The Board did not vote at this hearing.  At the Board's regularly scheduled meeting on February 15, 2016, the Board voted to reject the application.[1]  On February 19, 2016, the Board issued its

---

[1] The Board's vote was 2 to 2.

written decision and TowerCo appealed to the trial court, which took no additional evidence.

The trial court found that TowerCo: (1) failed to notify the neighbors within 300 feet of the Property, as required in section 1212(A) of the Ordinance; (2) met the requirements under section 1212(B) of the Ordinance, showing that no other structures are feasible; (3) failed to demonstrate pursuant to section 1212(C) of the Ordinance that it is licensed by the Federal Communications Commission (FCC) to operate the Facility; (4) failed to show compliance with the FCC safety standards pursuant to section 1212(D) of the Ordinance by submitting a report of an evaluation rather than the actual evaluation itself; (5) failed to submit a review by the FAA showing that TowerCo complied with FAA regulations pursuant to section 1212(E) of the Ordinance; (6) failed to comply with the requirements of section 1212(H) of the Ordinance by showing a "dust-proof surface" for the access road; and (7) presented sufficient evidence to show that the 190-foot tower was the minimum height needed to function effectively pursuant to section 1212(K) of the Ordinance.

The trial court determined that the Board did not err in finding TowerCo's application incomplete and, therefore, rejecting its application. The trial court did not reach the question of whether the Board's action in denying the application violates the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7), nor did it address whether the Board's findings with regard to the provisions of Section 403(F) of the Ordinance (relating to the general standards for conditional uses, i.e., that the conditional use is within the zoning district, harmonious with the township's comprehensive plan, not hazardous or disturbing) are valid. On January

3

30, 2017, the trial court denied TowerCo's appeal and affirmed the decision of the Board. TowerCo now appeals to this Court.[2]

Before this Court, TowerCo initially contends that the trial court erred or abused its discretion in affirming the Board's denial of TowerCo's land use application to erect a Tower Facility in the Township when all conditional use requirements were met, and no evidence was presented showing, with a high degree of probability, that the Tower Facility would adversely impact the health, safety, and welfare of the community.

A conditional use is merely a special exception that falls within the jurisdiction of a municipality rather than a zoning hearing board. *Williams Holding Group, LLC v. Board of Supervisors of West Hanover Township*, 101 A.3d 1202, 1212 (Pa. Cmwlth. 2014). "A conditional use is not an exception to a municipality's zoning ordinance, 'but rather a use to which [an] applicant is entitled provided the specific standards enumerated in the ordinance for the [conditional use] are met by the applicant.'" *Id.* (citation omitted). The applicant is entitled to approval if it meets its initial burden of demonstrating that the proposed use complies with the local ordinance's specific criteria. *Id.* However, once the applicant meets its burden of proof, the conditional use may still be denied if the objectors demonstrate that the use would be detrimental to the public's health, safety, and welfare. *Id.*

---

[2] Our review of a land use appeal in which the trial court has not taken any new evidence, is limited to determining whether the Board committed an error of law or abused its discretion. *Williams Holding Group, LLC v. Board of Supervisors of West Hanover Township*, 101 A.3d 1202, 1211 n. 8 (Pa. Cmwlth. 2014). The Board "abuses its discretion when its necessary findings of fact are not supported by substantial evidence." *Id.*

We note that "this Court may not substitute its interpretation of the evidence for that of the . . . [B]oard." *Taliaferro v. Darby Township Zoning Hearing Board*, 873 A.2d 807, 811 (Pa. Cmwlth. 2005). The Board is the arbiter of credibility and determines the weight of the evidence presented. *Id.* The Board "is free to reject even uncontradicted testimony it finds lacking in credibility, including testimony offered by an expert witness. It does not abuse its discretion by choosing to believe the opinion of one expert over that offered by another." *Id.* (citations omitted).

Here, the Board determined that TowerCo failed to meet its initial burden because it did not meet all of the requirements contained in the Ordinance.[3] Initially, the Board determined that TowerCo did not meet the requirements for Section 1212(A) of the Ordinance, which provides that the:

> Express standards and criteria for considering Conditional Use approval for communications facilities shall be as follows:
>
> A. Proposed communications facilities. . . shall be located only in the R-1, C-1, I-1, I-2, and SD zoning districts. Proposed new communication towers must gain approval by Conditional Use from the Board of Supervisors of Cecil Township. As part of the Conditional Use application, the applicant shall provide notification by Certified Mail of the intent to seek such approval. This notification shall be provided to all property owners within three hundred (300) feet of the property lines of the parcel on which the facility is to be located….

---

[3] We will address only the relevant sections of the Ordinance, those which the Board and the trial court found that TowerCo did not meet.

5

(Ordinance, §1212(A).) TowerCo argues that the residents had actual notice because the Township's zoning officer notified the residents of the second hearing. TowerCo further argues that the scheduled hearing notice was posted on the Property and was properly advertised. The Board made the following relevant findings of fact:

> 35. Applicant did not provide any evidence that it provided notification by Certified Mail of its intent to seek Conditional Use approval to all property owners within three hundred (300) feet of the property lines of the Property.
>
> 36. The Application evidences this non-compliance: "TowerCo has provided a list of all property owners within 300 feet of the property lines of the parcel on which the communications tower is to be located." Application, p.2.
>
> 37. Providing a list of residents to the Township does not meet the requirements of Section 1212(A) [of the Ordinance].
>
> 38. The list provided to the Township by Applicant did not accurately identify all property owners within 300 feet of the property lines of the parcel on which the communications tower is to be located.
>
> 39. Applicant had transposed a Tax Parcel ID Number and, as a result, provided an inaccurate list of residents to the Township.
>
> 40. The Board finds that the Applicant did not meet its burden in establishing compliance with Section 1212(A) of the Ordinance.

(Board's Decision, F.F. Nos. 35-40, at 9.)

TowerCo does not contest these findings. Thus, the Board's findings are at least technically correct. TowerCo argues only that actual notice was received

6

by the property owners that are within 300 feet of the Property. However, the Ordinance requires the applicant provide notification by certified mail to all property owners within 300 feet. (*See* Ordinance, Section 1212(A).) Thus, the Board did not err in determining that TowerCo failed to meet the requirements of Section 1212(A) of the Ordinance.

Next, the Board determined that TowerCo failed to "demonstrate that it is licensed by the … FCC… to operate a communications facility" pursuant to Section 1212(C) of the Ordinance. The Board found in pertinent part as follows:

51. Applicant[] claimed to submit FCC licenses along with the Application. Application, p.3.

52. Applicant[] did not submit an official FCC license[]. Application, Ex. C.

53. The documents submitted state: "This is not an official FCC license." Application, Ex. C.

54. Applicant[] did submit four Radio Station Authorizations, that identify the Licensee as "Cellco Partnership", with an address of 1120 Sanctuary PKWY, #150 GASA5REG. Alpharetta, GA 30009-7630. Application, Ex. C.

55. Applicant['s] names are TowerCo 2013, LLC and Pittsburgh SMSA Limited Partnership d/b/a Verizon Wireless.

56. Applicant presented no credible evidence at the hearing that TowerCo … and …Verizon… are licensed by the FCC to operate a communications facility.

57. Absent supporting documentation, the Board does not find Applicant[']s averments that it holds FCC licenses to be credible.

7

> 58. The Board finds that the Applicant did not meet its burden in establishing compliance with Section 1212(C) of the Ordinance.

(Board's Decision, F.F. Nos. 51-58, at 10.)

TowerCo contends that it provided evidence that it is licensed by the FCC and cites to the reproduced record (R.R.) at 48A-51A. However, a review of the record reveals otherwise. The FCC documents that TowerCo refers to state that "This is not an official FCC license…. [T]his document may not be used in place of an official FCC license." (R.R. at 48A-51A.) The documents further reference a license belonging to "CELLCO PARTNERSHIP" (CELLCO) and the record is devoid of any reference to CELLCO as a parent company or any other relation of Verizon or TowerCo. The Board did not err in its findings on this point.

Next, TowerCo contends that it provided proof "that the proposed communications facility complies with safety standards and electromagnetic field limits established by the [FCC]" pursuant to Section 1212(D) of the Ordinance. The Board found in pertinent part as follows:

> 59. Applicant submitted a letter dated August 11, 2015 signed by RF System Design Manager, Jim Rickard that purportedly evidences compliance with all safety standards and electromagnetic field limits. Application, p.3.

> 60. The letter states, inter alia, that "Verizon Wireless has performed a radio frequency (RF) compliance pre-construction evaluation for the above-noted proposed site and based on the result of the evaluation, will be compliant with FCC Guidelines." Application, Ex. D.

61. Applicant failed to provide a copy of the evaluation referenced in the letter.

62. Absent supporting documentation, the Board does not consider the conclusory statements set forth in the letter to be credible.

63. The Board finds that the Applicant did not meet its burden in establishing compliance with Section 1212(D) of the Ordinance.

(Board's Decision, F.F. Nos. 59-63, at 11.) A review of the record reveals that the letter submitted by TowerCo was conclusory and not verified or supported by any other documentation. The Board did not err in determining that TowerCo's evidence of compliance with FCC standards was insufficient.

Next, TowerCo contends that it provided proof "that the communications facility has been reviewed, and has not been determined to be a hazard, by the Federal Aviation Administration (FAA) [and that] [t]he communications tower shall meet all FAA regulations and any Airport Zoning Regulations" pursuant to Section 1212(E) of the Ordinance. The Board found in pertinent part as follows:

64. Applicant submitted a document entitled "FAA Aeronautical Evaluation." Application, p.3; Application, Ex. E.

65. The submitted document was not drafted by the FAA. Application, Ex. E.

66. The submitted document was drafted by a company called "sitesafe". Application, Ex. E.

67. The document specifically states:

Note: This report is for planning purposes only. If notification to the FAA or FCC is submitted on a site (whether it is or is not required), a determination of no hazard or an approval letter should be received prior to any actions taken on this site.

Application, Ex. E.

68. By its terms, the evidence submitted by the Applicant does not meet the requirements of Section 1212(E) [of the Ordinance].

69. Applicant did not submit any credible evidence indicating that the communications facility has been reviewed, and has not been determined to be a hazard, by the [FAA] as required by Section 1212(E) [of the Ordinance].

70. The Board finds that the Applicant did not meet its burden in establishing compliance with Section 1212(E) of the Ordinance.

(Board's Decision, F.F. Nos. 64-70, at 11-12.)

TowerCo argues that the FAA preempts relevant safety regulations and establishes a complete safety standard for air transportation that is not subject to variation among jurisdictions, and the Tower Facility has been determined to be no hazard to air navigation. However, the Ordinance requires the FAA's review, not a private company's review. Thus, the Board did not err in determining that TowerCo failed to meet this requirement of Section 1212(E) of the Ordinance.

Finally, TowerCo argues that it did prove that the access drive would be "dust-proof" as required under Section 1212(H) of the Ordinance, which states in part that "Said access drive shall be composed of an all-weather, dust-proof surface."

10

TowerCo presented the testimony of Tim Stark, a Site Acquisition Specialist from Wireless Resources, Inc., who was asked what type of dust-free access road they were planning to build, "pavement? Concrete?" (R.R. at 106A.) Mr. Stark stated that the road would be gravel. (*Id.*) Mr. Stark further testified that the excavation of the easement would occur six inches below grade and would include four inches of "number three" stone and two inches of number "2A" stone. (*Id.* at 107A.) Thus, Mr. Stark concluded that the access easement would have a six-inch gravel surface with a geoliner fabric underneath. (*Id.*) This was all of the testimony on this subject.

> The Board found in pertinent part as follows:
>
> 90. Applicant did not submit any evidence that the proposed gravel road is composed of an all-weather, dust-proof surface.
>
> 91. The Board finds that the Applicant did not meet its burden in establishing compliance with Section 1212(H) of the Ordinance.

(Board's Decision, F.F. Nos. 90-91, at 14.)

The trial court determined that the Board, "[i]n light of the extensive experience [it has] with roads of all types of surface and construction," did not abuse its discretion in finding the gravel surface was not "dust-proof" as required in the Ordinance. The Board is the fact-finder and determines the credibility of witnesses and the weight of the evidence. *Taliaferro*, 873 A.2d at 811. Thus, it was within the Board's discretion to determine that TowerCo failed to present sufficient evidence to show that the gravel road would be an all-weather, dust-proof surface.

11

Next, TowerCo contends that the trial court erred or abused its discretion by failing to consider the Board's denial of TowerCo's conditional use application to erect a Tower Facility in the Township a violation of the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7).

However, because TowerCo did not raise this issue in its Pa. R.A.P. 1925(b) statement of errors complained of on appeal, the issue is waived before this Court. *See Sung E. Choe v. Philadelphia Board of License & Inspection*, 847 A.2d 214, 217-18 (Pa. Cmwlth. 2004) (holding that issues not raised in the Pa. R.A.P. 1925(b) statement are waived on appeal).

Accordingly, we must affirm the trial court's decision.

_____
J. WESLEY OLER, JR., Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

TowerCo 2013 LLC,  :
                    Appellant  :
                               :
        v.                     : No. 239 C.D. 2017
                               :
Cecil Township Board of Supervisors :


O R D E R


AND NOW, this 8th day of December, 2017, we hereby affirm the January 30, 2017 order of the Court of Common Pleas of Washington County in the above-captioned matter.


_____
J. WESLEY OLER, JR., Senior Judge